IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW LOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-cv-1270-L-BT |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

# **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Wells Fargo Bank, N.A. has filed a Motion to Dismiss (ECF No. 13) in this civil action arising out of foreclosure proceedings initiated against real property located in Garland, Texas (the "Property"). For the following reasons, the District Court should GRANT Defendant's Motion and DISMISS all of Plaintiff's claims and causes of action.

## **Background**

Plaintiff Andrew Lott commenced this civil action in state court to prevent foreclosure of the Property. By his Original Petition, Plaintiff alleges he is the owner of the Property, which is encumbered by a security agreement (the "Deed of Trust").[1] Pl.'s Pet. at 4, ECF No. 1-5. Defendant also is a party to the Deed of Trust.

---

[1] Plaintiff also alleges that, at the time the Petition was filed, he was incarcerated; therefore, he executed a power of attorney designating Cheryl Jones to act on his behalf with respect to his mortgage. Pl.'s Pet. at 3, ¶ 5 & 4, ¶ 12. The Petition recites that Plaintiff brings this action "via Cheryl Jones, his duly authorized representative given to her by a Power of Attorney." *Id.* at 1.

1

*Id.* at 7 ¶ 26. Defendant scheduled the Property to be sold at a foreclosure sale on April 4, 2017. *Id.* at 4 ¶ 13. However, Plaintiff filed this case in state court on March 31, 2017, alleging that Defendant could not foreclose because it had failed to advise Plaintiff of the amount required to reinstate his mortgage and because Defendant never sent Plaintiff any Notice of Default, Notice of Acceleration, or proper notice of the foreclosure sale. *Id.* at 4-5, ¶¶ 14-17. Based on this alleged conduct, Plaintiff asserted claims against Defendant for breach of contract and quiet title, seeking damages, as well as declarative and injunctive relief. Pl.'s Pet. at 5-8. Defendant removed the case to federal court on the basis of diversity jurisdiction, *see* Notice of Removal at 1-2 ¶¶ 1, 3, ECF No. 1, and subsequently filed the pending Motion to Dismiss. Defendant argues that all of Plaintiff's claims and causes of action should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Mot. at 8, ECF No. 13. The parties have briefed the issues, and the Motion is ripe for consideration.

## Legal Standards

When deciding a Rule 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above

the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

     A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. The court may consider documents attached to or incorporated in the complaint in deciding a motion to dismiss. *Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

## Analysis

<u>Breach of Contract</u>

Plaintiff alleges that Defendant breached the Deed of Trust by failing to give Plaintiff proper notice of its intent to foreclose on the Property. More specifically, Plaintiff contends that Defendant failed to provide him with a reinstatement amount, failed to record the foreclosure notice in the Dallas County Real Property Records, and failed to provide him with a notice of default and notice of acceleration. Pl.'s Pet. 2 ¶ 1; 4 ¶ 14; 7 ¶¶ 25c, 27, 29; ECF No. 1-5. Under Texas law, a plaintiff must demonstrate the following elements to succeed on a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.); *Smith Int'l, Inc. v. Egle Group, L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007).

Defendant argues, among other things, that Plaintiff's breach of contract claims should be dismissed under Rule 12(b)(6) because Plaintiff has not adequately pleaded damages. Mot. 18. The Court agrees. While Plaintiff requests actual, statutory, treble, and exemplary damages in his prayer for relief, he fails to allege what damages he actually suffered. Plaintiff confirms in his Response that he is still in possession of the Property because the foreclosure sale never occurred. Therefore, he has not suffered any loss of property rights. *See De La Mora v. CitiMortgage, Inc.,* 2015 WL 12803712, at *2 (S.D. Tex. 2015) ("Plaintiff cannot

show damages resulting from any such breach because no foreclosure sale has occurred."). To the extent that Plaintiff asserts he suffered damages in the form of attorneys' fees, such claim does not constitute actual damages sufficient to sustain a breach of contract claim. *See Vianet Grp. PLC v. Tap Acquisition,* 2016 WL 4368302, at *9 (N.D. Tex. 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred from prosecuting a breach of contract claim"). Because Plaintiff has not pleaded that he suffered damages as a result of Defendant's alleged breach of the Deed of Trust, Plaintiff's breach of contract claims against the Defendant should be dismissed.

Defendant also moves for dismissal of Plaintiff's breach of contract claim on the ground that Plaintiff's default on his loan payment obligations constitutes a prior material breach that bars recovery on his on his contract claim. Mot. 15, ECF No. 13. However, the Fifth Circuit recently held that a plaintiff's obligation to make monthly mortgage payments is independent from a lender's obligations in the event of a default. *See Williams v. Wells Fargo Bank*, N.A., 884 F.3d 239, 245 (5th Cir. 2018). "If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning." *Id.* Thus, Plaintiff's default on his loan obligations does not, by itself, bar his breach of contract claim based on Defendant's alleged failure to provide proper notice of the foreclosure sale, as required by the Deed of Trust. Pl.'s Pet. 7 ¶ 28.

<u>Quiet Title</u>

Plaintiff asserts a claim for quiet title on the ground that Defendant's lien and purported right to foreclose constitutes a cloud on his superior title by virtue of his recorded deed. A suit to quiet title is a request to invoke the court's equitable powers to remove a "cloud" on the plaintiff's title to the property. *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018) (*citing Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in his favor, a plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" *Turner v. AmericaHomeKey Inc.*, 514 F. App'x. 513, 516 (5th Cir. 2013) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). The plaintiff bringing a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Smitherman*, 727 F. App'x at 791 (citation omitted).

Here, Plaintiff has sufficiently alleged a superior interest in the property by virtue of his recorded deed. *See Metcalf v. Deutsche Bank Nat. Trust Co.*, 2012 WL 2399369, at *7 (N.D. Tex. 2012) (finding argument that plaintiffs have not pleaded any facts demonstrating the strength of their title in support of their suit to quiet

6

title lacked force where they alleged they were the owners of the property under a deed of trust recorded in the county records); *Mortg. Elec. Registration Sys., Inc. v. Groves*, 2011 WL 1364070, at *4 (Tex. App. Apr. 12, 2011, pet. denied) (mem. op.) (holding plaintiff's allegation that "she owned the property by virtue of her recorded deed" was sufficient to satisfy the requirement that she "allege right, title, or ownership in herself with sufficient certainty to enable the court to see she has a right of ownership that will warrant judicial interference"). Plaintiff also has sufficiently alleged that his right to the Property is affected by Defendant's threat to foreclose. *See Lucas v. Ocwen Home Loan Servicing*, 2014 WL 7059274, at *6 (N.D. Tex. Nov. 21, 2014), *rec. adopted*, 2014 WL 7146033 (N.D. Tex. Dec. 12, 2014) (noting that the "alleged right to foreclose constitutes a 'cloud' because it affects plaintiffs' legal title to the property); *Routh v. Bank of Am., N.A.*, 2013 WL 427393, at *4 (W.D. Tex. Feb. 4, 2013) (same).

However, Plaintiff has not sufficiently alleged that Defendant's claim is invalid. Plaintiff admits that he defaulted on his mortgage loan and has not tendered the amount owed on the note. The Fifth Circuit has recently affirmed that tender is a pre-requisite for a quiet title claim—even in a case where foreclosure has not yet taken place. *See Campo v. Bank of Am., N.A.*, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016), *aff'd*, 678 F. App'x 227 (5th Cir. 2017) ("Campo is in default and has not alleged that he has tendered the balance of his Loan. His quiet-title claim is legally insufficient for this additional reason and is dismissed."). Plaintiff's failure to allege that he tendered the amount owed on the note is fatal to his ability

7

to state a claim for quiet title.

## Declaratory Judgment

Plaintiff seeks a declaratory judgment that Defendant lacks authority to foreclose because it failed to provide Plaintiff with a reinstatement amount. Plaintiff refers to paragraph 10 of the Deed of Trust, which provides:

> 10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceedings. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

Def. App., Ex. A, ¶10. Paragraph 10 advises the borrower (Plaintiff) of his right to reinstatement after acceleration. It does not prohibit Defendant from foreclosing if it fails to provide a reinstatement *quote*. Indeed, paragraph 10 of the Deed of Trust contains no provision establishing any requirements the Lender must fulfill to exercise its power of sale. Plaintiff has failed to state a claim for declaratory relief based on Defendant's alleged failure to provide a reinstatement quote or paragraph

10 of the Deed of Trust.

Plaintiff also seeks a declaratory judgment that Defendant attempted to foreclose on the Property in violation of Section 51.002 of the Texas Property Code. Defendant moves to dismiss Plaintiff's claims for violations of the Texas Property Code on the ground that Section 51.002 does not create a private right of action.

Section 51.002 governs the sale of real property under a contract lien and provides that "[a] sale of real property under a power of sale conferred by a deed of trust . . . must be a public sale at auction . . . at the county courthouse in which the land is located." Tex. Prop. Code § 51.002(a). The statute further provides that notice of the sale "must be given at least 21 days before the date of the sale" by serving written notice of the sale by certified mail on the debtor. *Id.* § 51.002(b). Additionally, when the property to be foreclosed is the debtor's residence, the mortgage servicer must serve the debtor with written notice of default and give the debtor at least 20 days to cure the default before it can give notice of the foreclosure sale. *Id.* § 51.002(d).

Neither the Texas Supreme Court nor the Fifth Circuit has decided whether § 51.002 provides for a private right of action. *See Rucker v. Bank of America*, 806 F.3d 828, 830 n.2 (5th Cir. 2015); *see also Garza v. Wells Fargo Bank, N.A.*, 632 F. App'x 222, 224 (5th Cir. 2016). However, the issue of whether Defendant conducted the foreclosure in accordance with Section 51.002 is moot because no foreclosure sale ever occurred, and the Property remains in Plaintiff's possession. *See Brown v. U.S. Bank Nat. Ass'n*, 2014 WL 3764887, at *13 (N.D. Tex. 2014)

(Lindsay, J.) ("[W]hile Defendant's compliance with section 51.002 might have been relevant to whether the foreclosure proceedings . . . were appropriate, this issue appears to be moot since no foreclosure took place and it appears that Plaintiffs remain in possession of the Property.").

To the extent that Plaintiff is attempting to bring a wrongful foreclosure claim—or a claim for a declaratory judgment of wrongful foreclosure—based on Defendant's failure to provide him with notices of default and acceleration, that claim would also fail because a foreclosure sale never occurred. *See Johnson v. Wells Fargo Bank, NA,* 999 F.Supp.2d 919, 932 (N.D. Tex. 2014), *rec. adopted,* 2014 WL 2593616 (N.D. Tex. 2014) (granting motion to dismiss claim under Chapter 51 of the Property Code where no foreclosure sale had occurred); *Mahmood v. Bank of Am., N.A.,* 2012 WL 527902, at *4 (N.D. Tex. 2012), *rec. adopted*, 2012 WL 527901 (N.D. Tex. 2012) (same).

## Recommendation

For the reasons stated, the District Court should GRANT Defendant's Motion to Dismiss (ECF No. 13) and dismiss Plaintiff's claims without prejudice. Because it is not clear that Plaintiff has yet pleaded his best case, and he has not been granted leave to amend since the case was removed from state court, the District Court should allow Plaintiff 21 days from the date of any order accepting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that if Plaintiff fails to do so, all of his claims will be dismissed with prejudice without further notice.

**SO RECOMMENDED**.

August 22, 2018.

 

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).